In re Estate of Snyder

IN THE MATTER OF THE ESTATE OF BOBBY GENE SNYDER, ALIAS BOBBY GENE TAYLOR

No. 7125SC126

(Filed 28 April 1971)

**Appeal and Error § 6— appeal from order not signed by court**

Purported appeal from an order which was never signed by the court and never officially filed or approved by the court must be dismissed.

PURPORTED appeal by petitioner from *McLean, Judge,* 6 October 1970 Session, Superior Court of CALDWELL County.

Service of the record on appeal in this matter was accepted by counsel for Mae Blankenship, designated as "Respondent" by petitioner. However, counsel for Mae Blankenship did not sign the stipulation appearing in the record that the "foregoing _____ pages shall constitute the record on appeal in the above captioned cause." Neither did counsel for Mae Blankenship file a brief, nor do we perceive any necessity for his doing so. Nevertheless, for purposes of this opinion, we assume that the facts stated by petitioner are correct. They are as follows: Bobby Gene Snyder, alias Taylor, died intestate on 11 April 1969, survived by one child, Dawn Taylor, 22 months of age, and his mother, Mrs. John Taylor. On 15 April 1970, Walter Lentz, filed application for letters of administration, alleging that "the applicant is a resident of North Carolina, is entitled to administer the estate by statutory preference or renunciation, as the record may show, is over twenty-one years of age, has never been convicted of a felony, is not in any way disqualified to act as administrator under the laws of this State, and has not renounced the right to qualify." On the same date Maybelle Taylor, in writing, renounced her right to administer the estate and requested the appointment of Mr. *(sic)* Bob Blankenship.

On 27 April 1970, Mae Blankenship filed application for letters of administration.

On 28 April 1970, the clerk of superior court entered an order denying the application of Walter Lentz.

On 29 April 1970, the clerk entered an order granting the application of Mae Blankenship.

On 7 May 1970, Walter Lentz filed notice of appeal to the superior court from the entry of the order denying his application, and on the same date filed a petition alleging that he is the father of LaRae Taylor Lentz, 19 years of age; that LaRae Taylor and Bobby Gene Snyder (alias Taylor) were married on 17 January 1967; that one child, Dawn Taylor, was born of the marriage; that on 26 February 1969, LaRae Taylor secured a divorce from Bobby Gene Taylor and was awarded custody of the child; that LaRae Taylor and the minor child reside with petitioner; that Bobby Gene Snyder (alias Taylor) died intestate on 11 April 1970 *(sic)* survived by his mother, Mrs. John Taylor, a resident of Virginia; that on 27 *(sic)* April 1970 petitioner filed application for letters of administration and the clerk denied the petitioner the right to administer the estate; that Dawn Taylor is the only child of the deceased and is his next of kin; that a good cause of action exists on behalf of the intestate's estate for wrongful death. Petitioner prayed that the court reverse the order denying petitioner the right to administer the estate and enter an order appointing him the administrator of the deceased's estate.

There next appears in the record on appeal an order entitled "Order Affirming Denial." The purported order is not signed and bears no filing date. Petitioner states in his facts that the cause came on for hearing before Honorable W. K. McLean on 28 September 1970; that Judge McLean affirmed the order of the clerk denying petitioner the letters of administration; that the order was not prepared by the attorney for respondent, and "counsel for petitioner filed an unsigned order dated October 6th, 1970, for the purpose of acquainting the Court of Appeals with the history of the proceedings." On 2 October 1970, petitioner filed notice of appeal, apparently from the unsigned order later filed by petitioner's counsel. Petitioner failed to docket his purported appeal on time, and petition for writ of *certiorari* was allowed on 28 December 1970.

*Ted S. Douglas for petitioner.*

MORRIS, Judge.

Apparently, petitioner does not consider his petition either as an attempted collateral attack on the appointment of Mrs. Blankenship nor a motion before the clerk to vacate and set

aside the letters of administration theretofore issued by the clerk. Regardless of the appellation given his proceedings by petitioner, he brings us nothing to consider. With commendable candor he states that he attempts to appeal from a purported order which was never signed by the court and never officially filed nor officially approved by the court but prepared by counsel for petitioner, dated 6 October 1970 (4 days after the entry of notice of appeal) and filed by counsel for petitioner (apparently with the court papers). Under these circumstances it is obvious that petitioner's purported appeal must be dismissed. There has been nothing presented for this Court to consider.

Purported appeal dismissed.

Judges BROCK and HEDRICK concur.